The issue involved on this appeal is the determination of the amount of inheritance tax due to the state of Washington from the estate of John Lloyd, deceased. On a prior appeal in the same matter, *Page 250 
it was held that the estate was subject to payment of an inheritance tax. In re Lloyd's Estate, 185 Wn. 61,52 P.2d 1269.
It is necessary to a proper understanding of the question in issue to refer to the proceedings in the estate prior to entry of the immediate order from which this appeal is taken.
An order approving the final account of the administrators and a decree of distribution was entered by the court February 8, 1935. By the terms of the decree, the residue of the estate, with the exception of $533.48, was distributed to the domiciliary administrator of the estate of John Lloyd in British Columbia. The sole beneficiary of the estate was a nephew of the deceased, residing in Wales. It was directed that the administrators hold the undistributed balance of $533.48 pending a final decision of the court on the question whether or not the estate was subject to an inheritance tax; and that, in case no tax was found to be due, the retained fund, less the expense of finally closing the estate, should be paid to the domiciliary administrator in British Columbia.
Subsequently, a hearing was had, at which the supervisor was present, on the question of the amount of inheritance tax due from the estate, if any; and on June 25, 1935, the court entered a second decree, reciting the entry of the prior decree of distribution, the retention of the sum of $533.48 pending the final decision of the court as to whether or not an inheritance tax should be imposed, and that, since the entry of the order approving the final account and the decree of distribution, further services of the attorneys for the administrators would be necessary in the appeal from the decision of the court to the supreme court on the question whether or not the estate was subject to an inheritance tax, and that the attorneys should be allowed *Page 251 
a reasonable additional sum therefor. The decree directed that, of the balance remaining in the hands of the administrators, they pay to the attorneys for the estate the additional sum of $250 for their services in the lower and supreme courts, and that the balance of the retained sum be distributed to the domiciliary administrator in British Columbia.
On the entry of this second decree, the supervisor appealed to the supreme court, resulting in the decision in In re Lloyd'sEstate, supra.
On that appeal, the supervisor contended that the residue of Lloyd's estate, passing to a nephew, was subject to a tax under the then existing law of three per cent, amounting to $206.30. On the return of the remittitur to the superior court, the supervisor made his findings, claiming that there was due the state the sum of $715.18 as an inheritance tax from the estate. The larger sum was claimed to be due by reason of the fact that chapter 180 of the 1935 Session Laws, p. 706, had increased the rate of assessment to ten per cent, and that the increased rate was applicable by the terms of the act to the estate as one pending when the act became effective.
The administrators filed objections to the findings, alleging that the tax due the state from the estate was not the amount fixed by the supervisor, but $206.30, and tendered that sum for deposit with the clerk of the court in full settlement of the tax. After a hearing on the matter, a judgment was entered finding the amount of inheritance tax due to be $206.30, and directing that the sum be deposited with the clerk of the court, to be turned over to the inheritance tax and escheat division in full settlement of the tax. The present appeal is from this judgment.
The supervisor contends that the state is not bound by the disposition made in the decree of distribution *Page 252 
entered February 8, 1935; and that, while the applicable rate at the time of the entry of the decree was three per cent, the tax was not paid, and the higher rate imposed by chapter 180 of the 1935 Session Laws became effective. The respondents, on the other hand, contend, first, that the decree of distribution was binding, and that, as found by the court, the supervisor assented to the arrangement for payment of the tax embodied in the decree; and, secondly, that chapter 180 of the 1935 Session Laws is not controlling, because the estate had been distributed by order of court, and that to give the act a construction that would make it operative on this estate would render it unconstitutional. We do not feel called upon to discuss these legal propositions, because we are of the opinion that the supervisor is concluded, in so far as the fund available to pay a tax is concerned, by the recitals and orders contained in the decree of June 25, 1935.
[1] This was the decree involved in In re Lloyd's Estate,185 Wn. 61, 52 P.2d 1269, supra. While the supervisor appealed from that decree generally, in his brief in this court he assigned, as the single error complained of, the court's ruling "that there was no inheritance tax due the state of Washington in the estate of John Lloyd, deceased." And, while the opinion reversed the judgment, it was with direction to proceed in accordance with the views therein expressed, having relation to the single issue raised by the supervisor, and defined in the opening statement of the opinion:
"This is an appeal from a decree in probate in which it was adjudged that a certain estate, designated in the decree, was not subject to an inheritance tax."
The decree recites the prior distribution and the retention of the sum of $533.48 for payment of any tax found to be due and any further expense in finally *Page 253 
closing the estate, and ordered that out of this fund there be paid to the estate's attorneys $250, leaving in the estate only enough to pay a tax computed at the then effective rate of three per cent.
This was not an ex parte order made by the court on application of the respondents, but the solemn adjudication of a controversy to which the state was a party, represented by the supervisor.
It is unnecessary to consider the effect of chapter 180 of the 1935 Session Laws, because, by a disposition of the reserved fund, binding upon the supervisor, there is available only $206.30, or enough to pay a tax computed at the rate of three per cent.
The judgment will be affirmed.
STEINERT, C.J., BEALS, MILLARD, and BLAKE, JJ., concur.